PEOPLE *v.* HENNIS.

1. CRIMINAL LAW—EVIDENCE—IMPUTATION THAT PROSECUTION OF DEFENDANT WAS SCHEME TO SAVE FATHER OF PROSECUTRIX REBUTTABLE.

In a prosecution for statutory rape, where prosecutrix, on cross-examination, admitted that her father had had intercourse with her, and denied that there was a scheme to save her father by charging defendant with the crime,

*Rape, 33 Cyc. p. 1455 (Anno).

it was permissible, to rebut the imputation, to allow her to testify that she made complaint against her father.

2. SAME—TECHNICAL ERROR HARMLESS WHERE RIGHT IN FACT.
   Testimony by prosecutrix that she made complaint against her father, while technically an error, because the complaint was made by a deputy sheriff, was right in fact, where it was made on information obtained from her.

3. SAME—HARMLESS ERROR.
   Admission in evidence of the files in the case against the father, although error, was harmless.

4. SAME—DISCREPANCY BETWEEN TESTIMONY AND CHARGE OF COURT HARMLESS WHERE FRESH IN MINDS OF JURY.
   Discrepancy between the testimony of prosecutrix as to the period of time defendant was with her and the recital of her testimony by the trial judge in his charge to the jury, *held*, harmless, in view of the fact that the testimony must have been fresh in the minds of the jury.

5. SAME—NEW TRIAL—POSTULATE TOO PROBLEMATICAL.
   The postulate, based on the claim that prosecutrix had a venereal disease of long standing, that defendant had no such disease, and that such would not likely be the case had he had sexual intercourse with her, is too problematical to warrant a new trial.

Error to Eaton; McPeek (Russell R.), J.     Submitted January 12, 1928.     (Docket No. 129.)     Decided February 14, 1928.

Karl J. Hennis was convicted of statutory rape, and sentenced to imprisonment for not less than 1½ nor more than 3 years in the State prison at Jackson.     Affirmed.

*Sowers & Cameron,* for appellant.

*William W. Potter,* Attorney General, and *Fisk Bangs,* Prosecuting Attorney, for the people.

WIEST, J.     Defendant was convicted of the crime

²Rape, 33 Cyc. p. 1491; ³Criminal Law, 17 C. J. § 3662; ⁴Id., 17 C. J. § 3698; ⁵Id., 16 C. J. § 2730.

of statutory rape and prosecutes review by writ of error.

At the trial the girl was asked, on cross-examination, if her father had had sexual intercourse with her, admitted he had and denied there was a scheme to save her father by charging defendant with the crime. In reply to such imputation, and over repeated objection, the court allowed the witness to testify that she made complaint against her father, and also permitted the proceeding against her father to be introduced. We think it was permissible to rebut the imputation by the testimony of the witness, but we do not approve of the introduction in evidence of the files in the case against the father. This, however, was harmless error. Counsel point to the fact that the written complaint against the father was made by a deputy sheriff. Even so, we may reasonably infer from the testimony that the deputy sheriff obtained information on the subject from the girl, and, while the girl was in error in a technical sense in saying she made the complaint, she was right in fact in saying she complained against her father.

Counsel also complain of a discrepancy between the testimony of the girl as to the period of time defendant was with her and the recital of her testimony by the trial judge in his charge to the jury. The testimony must have been fresh in the minds of the jury and we cannot conceive of any harm occasioned defendant by the statement.

Defendant moved for a new trial on the ground of discovery that the girl had a venereal disease of long standing, averred he had no such disease, and advanced the postulate that such would not likely have been the case had he had sexual intercourse with the girl. Passing the point of whether the showing was of newly-discovered evidence, we think the postulate too problematical to warrant a new trial.

241—Mich.—44.

We find no reversible error, and the conviction is affirmed.

NORTH, FELLOWS, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.